CLERK'S COPY

FILED
U.S. DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JAN 29 1999
CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GEORGE MICHAEL CURLEY,

    Plaintiff,

v.                                       No. CIV-98-0721 JP/RLP

NORMAN MICK, previous Administrator,
of the Oteroc [sic] County Detention Center, VIC
JENKINS, Administrator, Otero County
Detention Center, VIRGINIA BLANSETT,
Lieutenant, Otero County Detention Center,
EARNIE GRANODOS, EARNIE MELENDEZ,
and RANDY BOOKOUT, Sergeant's of the
Otero County Detention Center, ART
GRAMMONT, Otero County Detention Center
Medical Officer, DOCTOR SINGH, Doctor for
the Otero County Detention Center, individually
and in their Official Capacities as County
and State Employees, for the Otero County
Detention Center,

ENTERED ON DOCKET
1/29/99

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b) & (6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, the complaint will be dismissed as frivolous.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." A complaint may be dismissed *sua sponte* under



Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A complaint may also be dismissed *sua sponte* prior to service under § 1915(e)(2) based on affirmative defenses "obvious from the face of the complaint." *See Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) ("obviously repetitive" pleadings may be dismissed without requiring a responsive pleading); *Sack v. St. Francis Hosp.*, 16 F.3d 417 (Table, text in Westlaw), 1994 WL 19037 at *2 (10th Cir.) (dismissal based on res judicata and collateral estoppel), *cert. denied*, 513 U.S. 856 (1994). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

This is Plaintiff's second complaint arising from events in 1996 while he was detained at the Otero County Detention Center.[1] In the previous complaint, Plaintiff alleged he was denied a prosthetic device and proper mental health treatment, in violation of the Eighth Amendment. That complaint was dismissed as res judicata because the claims had been, or could have been, adjudicated in an earlier state court proceeding. *Curley v. Jenkins*, No. CIV-98-0171 LH/JHG, mem. op. and order (D.N.M. April 27, 1998). The instant complaint asserts a variety of claims, related and unrelated to those in the prior action, from the same period of detention.

Because Plaintiff once again asserts claims and issues that were, or could have been,

---

[1] Another complaint, filed in state court against two of the named Defendants, was removed to this court and subsequently remanded. *Curley v. Jenkins*, No. CIV-98-0289 JC/RLP.

raised in a prior complaint, the instant complaint is barred by the doctrines of res judicata and collateral estoppel. *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992). "Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit." *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997), *cert. denied*, --- U.S. ---, 118 S.Ct. 1396 (1998). Furthermore, these claims may not be reasserted, even though Plaintiff is now attempting to implicate different parties. The related doctrine of collateral estoppel bars Plaintiff's claims against these newly named parties. *See Willner v. Budig*, 848 F.2d 1032, 1034 (10th Cir.1988); *cf. Morgan v. City of Rawlins*, 792 F.2d 975, 980 (10th Cir. 1986); *Klein v. Comm'r*, 880 F.2d 260, 263 (10th Cir. 1989). As a result, even under the rule of liberal construction of pro se pleadings, *Northington*, 973 F.2d at 1520-21, for purposes of preclusion Plaintiff has had "a full and fair opportunity to litigate the issue[s]." *Wilkinson v. Pitkin County Bd. of County Comm'rs*, 142 F.3d 1319, 1322 (10th Cir. 1998). Plaintiff's claims arising from his detention in the Otero County Detention Center have been adjudicated, and the complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED, and an order of dismissal shall be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE