CLERK'S COPY
FILED
U.S. DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 13 1999

CLERK

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GEORGE MICHAEL CURLEY,

    Plaintiff,

v.                                                               No. CIV-98-0721 JP/RLP

NORMAN MICK, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion to vacate judgment (Doc. #14) filed February 12, 1999. The motion asks that the Court vacate its order of dismissal entered January 29, 1999. The motion was signed by Plaintiff on February 8, 1999, but contains no statement of the date it was placed in the prison mail system. *See United States v. Crowell*, --- F.3d ---, 1999 WL 285855, at *1 (10th Cir. April 21, 1999). The motion is construed as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e) and, for the reasons below, will be denied.

By order of dismissal entered January 29, 1999, Plaintiff's complaint was dismissed as res judicata. In the motion to vacate, Plaintiff contends the Court misconstrued his claims and he should be allowed to litigate the issues raised in the complaint. Specifically, Plaintiff alleges that his previous complaint sought equitable relief ordering Defendants to provide him with a prosthesis and mental health treatment. The instant complaint, on the other hand, seeks damages for "the conditions he was forced to undergo by not be[ing] treated properly" during the same period of incarceration. Because he is not now complaining of the same specific deprivations or seeking the same relief, according to Plaintiff, his claims in the instant complaint should be heard by the Court.

Plaintiff's argument rests on a misapprehension of the doctrine of res judicata and provides

15

no basis for the relief sought. As noted in the dismissal order, "Because Plaintiff once again asserts claims and issues that were, or could have been, raised in a prior complaint, the instant complaint is barred by the doctrine[] of res judicata.... *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992).... As a result, even under the rule of liberal construction of pro se pleadings, *Northington* [*v. Jackson*], 973 F.2d [1519,] 1520-21 [(10th Cir. 1992)], for purposes of preclusion Plaintiff has had 'a full and fair opportunity to litigate the issue[s].' *Wilkinson v. Pitkin County Bd. of County Comm'rs*, 142 F.3d 1319, 1322 (10th Cir. 1998). Plaintiff's claims arising from his detention in the Otero County Detention Center have been adjudicated...." Consideration of Plaintiff's complaint would constitute the sort of piecemeal litigation expressly precluded by the doctrine of res judicata.

Under the foregoing analysis, the motion to vacate is insufficient as a matter of law. *Committee for The First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992) ("The purpose for [a Rule 59(e)] motion 'is to correct manifest errors of law or to present newly discovered evidence.' ") (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Rule 59(e) cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment." *Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993) (citations omitted). Plaintiff's motion does not present manifest errors of law, new evidence, or claims that were unavailable in his prior actions. The motion will be denied.

IT IS THEREFORE ORDERED that Plaintiff's motion to vacate judgment (Doc. #14) filed February 12, 1999 is DENIED.

UNITED STATES DISTRICT JUDGE